**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHESTER O'QUINN, # K-92939, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-01342-JPG |
| | ) | |
| DONALD GAETZ, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

This matter comes before the Court for review of Plaintiff Chester O'Quinn's amended complaint (Doc. 10). The Court dismissed Plaintiff's original complaint (Doc. 1) in an Order dated January 28, 2014 (Doc. 8), because it violated the pleading requirements of the Federal Rules of Civil Procedure. The dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint no later than March 4, 2014. The amended complaint was filed on February 28, 2014. It is therefore timely.

In the amended complaint, Plaintiff has taken few steps to cure the defects noted in his original complaint. He still sues twenty-four defendants.[1] He has eliminated all references to co-plaintiffs, although he includes most of the claims associated with them. Plaintiff has divided the amended complaint into six "issues," each of which includes multiple claims against different defendants. Adopting what he describes as a "totality of the conditions" theory, Plaintiff has dumped what seems like every conceivable claim into a single amended complaint (Doc. 10, p. 5). Under the circumstances, the amended complaint narrowly escapes dismissal a second time under Federal Rule of Civil Procedure 8.

---

[1] Although three of these defendants were terminated, the amended complaint refers to them in the statement of claim.

With that said, this case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.   28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.   Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.   *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon preliminary review of the amended complaint, the Court finds that several claims survive threshold review and shall proceed.  Others require severance and further amendment, if Plaintiff intends to pursue them.  Still others require summary dismissal.

## The Amended Complaint

In the amended complaint, Plaintiff claims that twenty-two officials, who are employed at Pinckneyville Correctional Center ("Pinckneyville"), the Illinois Department of Corrections ("IDOC"), and Wexford Health Sources, Inc. ("Wexford"), violated his rights under the First, Eighth, and Fourteenth Amendments (Doc. 10, p. 5).  Plaintiff's claims are divided into six "issues," which he broadly defines as the: (1) denial of medical care; (2) denial of indigent supplies; (3) denial of nutritionally adequate meals; (4) unconstitutional conditions of confinement; (5) lack of access to grievance forms; and (6) retaliation by staff and inmates (Doc. 10, pp. 5-14).  Plaintiff seeks monetary damages and injunctive relief.  In addition, he has filed six additional motions (Docs. 9, 11-15), including a motion for temporary restraining order (Doc. 15), which will be addressed herein.

In the amended pleading, Plaintiff adopts a "totality of the conditions theory" (Doc. 10, p. 5).  He alleges that the six issues taken as a "whole" violate his constitutional rights.  For that reason, he brings them in a single lawsuit.

Even at first glance, however, each "issue" includes numerous sub-issues, several of which require severance of this lawsuit into additional suits.  In fact, this is just the type of "buckshot complaint" that the Seventh Circuit said in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), is appropriate for severance.  Below is a list of the issues and the potential claims, followed by a brief discussion of each.

### Issue 1: Denial of Medical Care

In the amended complaint, Plaintiff alleges that numerous prison officials disregarded his medical needs, as follows:

(a)     Defendants Shah (doctor) and Rector (nurse) never completed a "full examination" of Plaintiff "from head to toe" (Doc. 10, p. 5) (**Count 1(a)**);[2]

(b)     Defendants Shah and Rector repeatedly ignored Plaintiff's requests for a front cuff permit, which Plaintiff needs for the administration of insulin among other things. Because of this, Plaintiff was routinely denied insulin shots, resulting in twelve episodes of dangerously low blood sugar levels (Doc. 10, pp. 5-6) (**Count 1(b)**);

(c)     Defendants Blades (the gym director), Gogetting (ADA warden), Shah, and Rector ignored Plaintiff's complaints that he was denied access to the ADA gym for more than ninety days (Doc. 10, pp. 5-6) (**Count 1(c)(1)**[3] and **Count 1(c)(2)**);

(d)     Most of Pinckneyville's nurses do not use alcohol pads and do not wear gloves, or change them, after working with bleeding patients. Officers also open syringes for nurses (Doc. 10, p. 6) (**Count 1(d)**). Defendant Peek threatened to send Plaintiff to segregation if he asked for a tuberculosis skin test or shot (Doc. 10, p. 7) (**Count 1(d)(1)**);

(e)     Defendants Shah, Rector, Gogetting, and Gaetz ignored Plaintiff's four requests in September 2013 for a pillow, which Plaintiff allegedly needs to prevent aggravation of a prior neck and back injury (Doc. 10, p. 7) (**Count 1(e)**);

(f)     Plaintiff's medication "never comes on time," including prescriptions related to his diabetes, hypertension, and pain. He once waited for more than thirty-five days for these medications. He has been waiting for his Glucophage since December 15, 2013. Defendants Shicker (IDOC medical director) and Brown have ignored his complaints (Doc. 10, p. 7) (**Count 1(f)**);

(g)     Plaintiff's insulin was denied for 3-4 weeks because Defendants Daugherty (nurse), Abby (nurse), Amy (nurse), and Olmsted (officer) would not allow Plaintiff to raise his shirt to receive his insulin shot.

---

[2] For ease of reference, the organization of Plaintiff's medical claims, using (a), (b), (c), etc., corresponds to their designations in the amended complaint.

[3] Count 1(c)(1) refers to Plaintiff's Eighth Amendment claim arising from the conduct described in this paragraph, and Count 1(c)(2) refers to Plaintiff's claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and/or the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, arising from the same conduct.

Defendant Shah addressed the issue with the nurses but not Defendant Olmsted, who continues to deny Plaintiff the insulin shots (Doc. 10, p. 7) (**Count 1(g)**);

(h)    Plaintiff was not adequately treated for a spider bite he received in June 2013, despite being charged a co-pay of $5.00 for each visit to the health care unit.  He was required to see a nurse three times before being referred to a doctor; each time, he had to pay.  Defendants Shah and Rector ignored his spider bite complaints for 5-6 months before giving him antibiotics.  Even then, Plaintiff continued to suffer from a rash, boils, bleeding, and cysts, which he attributes to the bite[4] (Doc. 10, p. 8) (**Count 1(h)**);

(i)    A hole in the concrete floor at Pinckneyville caused Plaintiff to fall and injure his hand in September 2013.  His hand injury was not adequately treated, and the hole has not been repaired (Doc. 10, p. 8) (**Count 1(i)**);

(j)    Defendants Steward and Wallace have ignored Plaintiff's requests to meet with a counselor to discuss mental health issues that have arisen following his mother's death (Doc. 10, p. 9) (**Count 1(j)**);

(k)    Plaintiff underwent dental surgery in December 2013.  Defendant Chapman (dentist) told Plaintiff that he would schedule a follow-up examination 2-3 weeks following surgery.  As of February 2014, no follow-up visit has occurred.  Plaintiff's face is swollen, he suffers headaches, his ears ring, and his breath stinks.  Further, he has no access to salt, peroxide, or mouthwash.  He needs additional fillings and a cleaning (Doc. 10, p. 9) (**Count 1(k)**);

(l)    Defendant Angie (medical records) has not responded to Plaintiff's request for medical records (Doc. 10, p. 9) (**Count 1(l)**); and

(m)    Defendants Shicker and Matticks (Wexford Health Sources Regional Medical Director) have not responded to Plaintiff's request for health care (Doc. 10, pp. 9-10) (**Count 1(m)**).

## A.    Claims to Proceed

Accepting the allegations as true, the Court finds that the amended complaint articulates a colorable federal cause of action under the Eighth Amendment (**Count 1**) against Defendants Shah, Rector, Gaetz, Blades, Gogetting, Daugherty, Abby, Amy, and Olmsted for allegedly displaying deliberate indifference to Plaintiff's medical needs, based on the conduct described

---

[4] Plaintiff also blames the toothpaste for causing several of these symptoms.

above in Count 1(a), Count 1(b), Count 1(c)(1), Count 1(e), Count 1(g), and Count 1(h). Accordingly, Plaintiff shall be allowed to proceed with **Count 1(a), Count 1(b), Count 1(c)(1), Count 1(e), Count 1(g),** and **Count 1(h)**[5] against Defendants Shah, Rector, Gaetz, Blades, Gogetting, Daugherty, Abby, Amy, and Olmsted.   Further, Defendant Spiller (Pinckneyville's current warden) shall remain in this action, based on Plaintiff's request for injunctive relief.

Plaintiff shall also be allowed to pursue a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and/or the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, for the conduct described above in Paragraph (c) (**Count 1(c)(2)**).   The analysis under the ADA and Rehabilitation Act is the same, except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons.   *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). And although Plaintiff does not specifically mention the Rehabilitation Act, Courts "are supposed to analyze a litigant's claims and not just legal theories that he propounds," particularly when a litigant is proceeding *pro se.  See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted).   To state a claim under the Rehabilitation Act, the complaint must only allege that: (1) Plaintiff is a qualified person; (2) with a disability; and (3) the IDOC denied him access to a program or activity because of his disability.   *Jaros*, 684 F.3d at 672.   Plaintiff alleges that he has already been identified as "disabled" and given a "front cuff permit" because of physical injuries resulting from prior car accidents and work-related injuries, among other things.

---

[5] Plaintiff shall not be allowed to argue, however, that the $5.00 copay for medical services violated his constitutional rights.   An inmate's constitutional rights are not violated by the collection of a fee for prison medical or dental services.   Whether or not a statutory exemption should apply to the co-payment rule is a question of state law, not cognizable in a § 1983 action.   *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("[T]he imposition of a modest fee for medical services, standing alone, does not violate the Constitution.").

The Supreme Court "has located a duty to accommodate in the statute generally," and refusing to make reasonable accommodations is tantamount to denying access. *Id*. (citing *Wis. Cmty. Serv.*, 465 F.3d 737, 747 (7th Cir. 2006); *Alexander v. Choate*, 469 U.S. 287, 300-01 (1985)). The amended complaint meets the basic pleading requirements for an ADA and/or Rehabilitation Act claim, and Defendant Godinez, in his official capacity, is a proper defendant. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Accordingly, Plaintiff shall be allowed to proceed with **Count 1(c)(2)** against Defendant Godinez in his official capacity.

**B.      Claims to be Dismissed**

However, the Court finds that the conduct described in **Count 1(d)** and **Count 1(i)** is insufficient to state a claim against any of the defendants. Counts 1(d) and (i) fail to identify any specific defendants in connection with those claims, so the Court and Defendants are not put on notice of *who* did *what* to violate Plaintiff's rights under the Eighth Amendment. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. AT 555; Fᴇᴅ. R. Cɪᴠ. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. **Count 1(d)** and **Count 1(i)** shall therefore be dismissed without prejudice.

Similarly, the Court finds that **Count 1(l)** and **Count 1(m)** state no claim for relief against Defendants Angie, Shicker, or Matticks and must be dismissed with prejudice at this time. Although Plaintiff mentions these defendants by name, the amended complaint does not

7

suggest that these Defendants did anything to violate Plaintiff's constitutional rights. Plaintiff alleges that Defendant Angie failed to respond to his request for medical records, and Defendants Shicker and Matticks have not responded to his requests for medical care. No additional details are provided, although the amended complaint refers to exhibits that were not filed with the original complaint or the amended complaint. It is not altogether clear what claims Plaintiff is attempting to raise against these defendants, or the constitutional basis of the claims. Based on the foregoing, **Count 1(l)** and **Count 1(m)** against Defendants Angie, Shicker, and Matticks shall be dismissed with prejudice.

**C.     Claims to be Severed**

That leaves **Count 1(d)(1), Count 1(f), Count 1(j),** and **Count 1(k)**. The Court finds that these claims were improperly joined in this action. They shall be severed into four additional lawsuits, as discussed in more detail below. Before addressing the issue of severance, however, the Court will briefly address the merits of each claim.

With regard to Count 1(d)(1), the allegations in the amended complaint are insufficient to state an Eighth Amendment medical needs claim and/or a retaliation claim against Defendant Peek. Therefore, Count 1(d)(1) shall be dismissed without prejudice. However, Plaintiff shall be granted leave to file an amended complaint in the severed case, according to the specific instructions set forth below, should he wish to proceed with this claim.

Turning to Count 1(f), the amended complaint fails to state a colorable Eighth Amendment medical needs claim against Defendants Shicker or Brown at this early stage. It is unclear what role they each played, if any, in delaying Plaintiff's medications. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a

constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Therefore, Plaintiff cannot move forward with a claim against Defendants Shicker and Brown, unless he demonstrates that they personally participated in a constitutional deprivation. Because the amended complaint does not make this connection, Count 1(f) shall be dismissed without prejudice. However, Plaintiff shall be granted leave to file an amended complaint in the severed case, according to the instructions set forth below, should he wish to proceed with this claim.

As for Count 1(j), the amended complaint fails to state a claim against Defendants Steward and Wallace for displaying deliberate indifference to Plaintiff's mental health needs in violation of the Eighth Amendment. Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). The amended complaint does not satisfy either requirement at this stage. Plaintiff has not alleged that he suffers from a serious medical need; he simply alleges that he is "hurting mentally" (Doc. 10, p. 9). It is not clear what he means by this. He does not allege that he has been diagnosed with depression or some other condition, that he is suicidal, or that he is at risk of serious injury. He also does not allege that either Defendant was aware of any mental health condition that required treatment but ignored it. Further, the amended

9

complaint refers to exhibits that were not filed with the original or amended complaint. Without more, this claim fails. Count 1(j) shall be dismissed without prejudice, and with leave to file an amended complaint in the severed case. Plaintiff should be mindful of the Court's instructions for filing the amended complaint and/or requesting dismissal of the action within the deadline given.

Count 1(k) states a claim under the Eighth Amendment against Defendant Chapman for denying Plaintiff adequate dental care. Accordingly, Plaintiff shall be allowed to proceed with Count 1(k) in a separate action, should he wish to do so.

**Whether or not Plaintiff intends to pursue any of the severed claims, he must follow the instructions set forth below in the "Severance" and "Disposition" sections. Failure to do so shall result in dismissal of the claim(s) with prejudice and/or imposition of a filing fee.**

### Issue 2: Denial of Indigent Supplies

The amended complaint also alleges that Plaintiff was denied adequate indigent supplies. Plaintiff was issued only one t-shirt upon his arrival at Pinckneyville, and he cannot afford to buy more (Doc. 10, p. 10). He was not provided with boots or long johns for the winter. Defendant Rensing, who is in charge of indigent hygiene supplies, failed to distribute adequate hygiene products to Plaintiff (Doc. 10, p. 11). The toothpaste contains saccharine, a cancer-causing agent, and Plaintiff now has cancerous cysts in his mouth and all over his body.[6] Finally, Defendant Crews, who oversees indigent office supplies, failed to distribute adequate office supplies to Plaintiff.

This claim pertains to the conditions of Plaintiff's confinement (**Count 2**). It is rooted in the Eighth Amendment, which prohibits cruel and unusual punishment and is applicable to the

---

[6] In the amended complaint, Plaintiff also blames a spider bite for these cysts (Doc. 10, p. 8). That claim shall be allowed to proceed.

states through the Fourteenth Amendment.  It has been a means of improving prison conditions that were constitutionally unacceptable.  *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime.  *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Constitution also prohibits punishment that is totally without penological justification.  *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety.  *Rhodes,* 452 U.S. at 346; s*ee also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992).  Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988).  However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter,* 501 U.S. 294, 304 (1991).

Whether in combination or not, Plaintiff's allegation that the toothpaste contains saccharine is insufficient to support an Eighth Amendment conditions of confinement claim.  Likewise, the allegation that he receives insufficient office supplies fails to state a claim.  Neither, alone or in combination, results in the deprivation of a single human need, such as food, medical care, sanitation, or physical safety.  Therefore, Plaintiff shall not be allowed to proceed

with either of those claims, and Defendant Crews shall be dismissed from this action with prejudice.

In contrast, Plaintiff's assertion that he was denied adequate hygiene supplies may support his conditions of confinement claim, when raised in combination with other deprivations. The amended complaint sets forth other alleged deprivations supporting this claim. Therefore, Plaintiff shall be allowed to proceed with **Count 2** against Defendant Rensing.

Count 2 was improperly joined in this action, and it, too, shall be severed into a separate lawsuit.  **Whether or not Plaintiff intends to pursue this claim, he must follow the instructions set forth below in the "Severance" and "Disposition" sections.  Failure to do so shall result in dismissal of the claim(s) with prejudice and/or imposition of a filing fee.**

### Issue 3: Denial of Nutritionally Adequate Diet

According to the amended complaint, Plaintiff's diet is inadequate (Doc. 10, pp. 11-12). Diabetics are fed two meals each day and have to wait up to eighteen hours between meals. They receive two "snack bags" per day.[7]  The first contains two slices of bread, two slices of cheese, and one juice.  The second contains one packet of peanut butter, two slices of bread, and either one juice or one apple.  These meals are allegedly nutritionally inadequate.  Consequently, Plaintiff's weight has dropped from 256 pounds to 225-230 pounds in an unspecified time period.  Plaintiff alleges that this is because he is not getting enough calories.

The Seventh Circuit has held that the denial of food is not a *per se* violation of the Eighth Amendment.  Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir.1999) (citing *Wilson,* 501 U.S. at 304).

---

[7] The amended complaint does not clarify whether the "snack bags" are distributed *in addition to* the meals or are served as meals.

The allegations in the amended complaint suggest that Plaintiff was deprived of one meal each day on an ongoing basis.  He went eighteen hours between meals.

It is unclear who Plaintiff intends to sue in connection with this claim.  He has named no single defendant who deprived him of food.  In terms of individual liability, then, Plaintiff states no Eighth Amendment claim for unconstitutional conditions of confinement based on the deprivation of food.  However, the Court will allow him to proceed at this early stage against Defendant Spiller for injunctive relief, based on the suggestion in the amended complaint that a policy, practice, or custom resulted in the deprivation.  Accordingly, Plaintiff shall be allowed to proceed with **Count 3** against Defendant Spiller.

Like Count 2, this claim was improperly joined in this action and shall be severed into a separate lawsuit, as set forth below.  **Whether or not Plaintiff intends to pursue this claim, he must follow the instructions set forth below in the "Severance" and "Disposition" sections. Failure to do so shall result in dismissal of the claim(s) with prejudice and/or imposition of a filing fee.**

### Issue 4:  Unconstitutional Conditions of Confinement

The amended complaint also alleges that inmates are not provided with any cleaning supplies, such as mops, brooms, dust pans, and/or disinfectant sprays (Doc. 10, p. 12). Consequently, Plaintiff is unable to clean his cell.

Mice infested Plaintiff's cell in December 2013.  Plaintiff filed an emergency grievance with Defendant Spiller around December 18, 2013, to address the infestation.  Mice climbed into his bed, where they urinated and defecated.  The mice allegedly attempted to bite Plaintiff. Several officers ignored Plaintiff's complaints.  Sometime the following month, Plaintiff's

housing unit experienced "[a]n outbreak of something" which caused him to develop a rash.  The housing unit was "quarantined . . . for weeks" (Doc. 10, p. 12).

Plaintiff's cell also lost heat for more than 24 hours around December 12, 2013, as temperatures outside dropped below zero.  Plaintiff filed an emergency grievance with Defendant Spiller.  He had to "put up with this" for several days.  No one provided him with extra blankets.

In combination, the allegations state a colorable Eighth Amendment claim for unconstitutional conditions of confinement (**Count 4**) against Defendant Spiller.  Count 4, like Counts 2 and 3, was improperly joined in this action and shall also be severed into a separate lawsuit, as set forth below.  **Whether or not Plaintiff intends to pursue this claim, he must follow the instructions set forth below in the "Severance" and "Disposition" sections. Failure to do so shall result in dismissal of the claim(s) with prejudice and/or imposition of a filing fee.**

## Issue 5: Grievances

Plaintiff challenges Pinckneyville's policy of limiting access to grievance forms (Doc. 10, p. 12).  According to the amended complaint, inmates must first tell a grievance counselor why they are requesting a grievance form.  After screening the complaint, the counselor then decides whether or not the inmate should be given one.  In June 2013, Defendant Markel refused to give Plaintiff a form on more than one occasion.  Defendant Melvin visited Plaintiff every forty to sixty days, which limited his ability to file grievances.  As a result, Plaintiff was unable to file grievances regarding his denial of law library access and Defendant Crews' refusal to notarize his documents.  Defendants Gaetz (warden) and Godinez

(IDOC director) took no steps to address this issue.  Plaintiff now challenges the policy on due process grounds.

The complaint fails to state a Fourteenth Amendment due process claim (**Count 5**) against Defendants Markel, Melvin, Crews, Gaetz, and Godinez.  The Seventh Circuit has made it clear that "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).  Moreover, a cause of action does not arise where a plaintiff files a grievance, and simply disagrees with the outcome.  *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).  Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's right to maintain a § 1983 suit over the substantive matters raised in the grievances.  *See* 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).  Nonetheless, a Defendant's failure to provide Plaintiff with grievance forms does not support an independent constitutional claim.  Accordingly, **Count 5** shall be dismissed with prejudice against Defendants Markel, Melvin, Crews, Gaetz, and Godinez.

### Issue 6: Retaliation

Finally, Plaintiff alleges that he has been the subject of retaliation (Doc. 10, pp. 13-14).  After filing grievances and informing "others on the outside of the problems going on" at

Pinckneyville, Defendant Markel made unspecified threatening comments to Plaintiff (Doc. 10, p. 14).  Plaintiff was then placed in a cell that was designed for two prisoners; three other inmates were assigned to the same cell, which had only one sink and one toilet.  There, Plaintiff was threatened and bullied.  Plaintiff was also required to pay extra postage for his personal mail when it exceeded six pages, and his transfer requests were denied.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*  A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim.  *Id.*

The amended complaint does not state a retaliation claim (**Count 6**) against anyone at this stage.  While Defendant Markels made unspecified threats to Plaintiff, this vague allegation does not support a retaliation claim against this defendant.  While Plaintiff's transfer into a smaller cell may have been retaliatory, the amended complaint does not include sufficient allegations to raise an inference of retaliation on the part of any particular defendant; in fact, no defendant is identified in connection with Plaintiff's cell transfer.  Likewise, no defendant is identified in connection with Plaintiff's allegations regarding mail interference.  Without more, **Count 6** fails and must be dismissed without prejudice against Defendant Markels.

Further this claim was improperly joined in this action. Therefore, Count 6 shall be severed into a new action. Plaintiff shall be granted leave to file an amended complaint in the severed case, should he wish to proceed with the claim against Defendant Markels. **Whether or not Plaintiff intends to pursue this claim, he must follow the instructions set forth below in the "Severance" and "Disposition" sections. Failure to do so shall result in dismissal of the claim(s) with prejudice and/or imposition of a filing fee.**

### Severance

As stated above, Plaintiff has improperly joined several claims in this lawsuit that must be severed. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). Plaintiff's complaint contains numerous unrelated claims against different defendants. Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever **Count 1(d)(1), Count 1(f), Count 1(j), Count 1(k), Count 2, Count 3, Count 4,** and **Count 6** of Plaintiff's complaint and open new cases with newly-assigned case numbers as follows:

(1) *Chester O'Quinn, Plaintiff, vs. Mrs. Peek, Defendant*, for an Eighth Amendment medical needs claim and/or retaliation claim arising from the threat to send Plaintiff to segregation for requesting a tuberculosis skin test (**Count 1(d)(1)**);

(2) *Chester O'Quinn, Plaintiff, vs. Louis Shicker and Christine Brown, Defendants*, for an Eighth Amendment medical needs claim arising from delays in refilling Plaintiff's medications (**Count 1(f)**);

(3) *Chester O'Quinn, Plaintiff, vs. Mrs. Stewart and Mr. Wallace, Defendants*, for an Eighth Amendment medical needs claim arising from Plaintiff's denial of access to counseling (**Count 1(j)**);

(4) *Chester O'Quinn, Plaintiff, vs. Chapman, Defendant*, for the denial of dental care in violation of the Eighth Amendment (**Count 1(k)**);

(5) *Chester O'Quinn v. Pat Rensing and Thomas Spiller, Defendants*, for Eighth Amendment claim(s) arising from unconstitutional conditions of confinement (**Count 2, Count 3,** and **Count 4**); and

(6) *Chester O'Quinn, Plaintiff, vs. Mrs. Markel, Defendant*, for a retaliation claim arising from Plaintiff's complaints about prison conditions (**Count 6**).

This case, No. 13-cv-1342, shall include all remaining claims, including **Count 1(a), Count 1(b), Count 1(c)(1), Count 1(c)(2), Count 1(d), Count 1(e), Count 1(g), Count 1(h), Count 1(i), Count 1(l), Count 1(m)**, and **Count 5**. Should he wish to do so, Plaintiff shall be allowed to proceed with this case,[8] *O'Quinn v. Chapman*, and *O'Quinn v. Rensing, et al.* without filing an amended complaint.

In order to proceed with any of the other four severed cases, however, Plaintiff must first file an amended complaint, according to the instructions and deadlines set forth in the "Disposition." Plaintiff shall also have an opportunity to voluntarily dismiss each newly severed case if he does not wish to proceed on that particular claim or incur the additional filing fee.

**Pending Motions**

1.     **Motion for Leave to File Amended Complaint (Doc. 9)**

Plaintiff filed a motion for leave to file amended complaint (Doc. 9), which is hereby **DENIED** as moot. The Court already granted Plaintiff leave to file his First Amended Complaint in its Order dated January 28, 2014 (Doc. 8).

2.     **Omnibus Motion to Compel (Doc. 11)**

Plaintiff filed an omnibus order for motion to compel (Doc. 11), in which he seeks an order compelling law library access. His motion to compel is **DENIED without prejudice**.

---

[8]  Plaintiff has also filed a Motion for Temporary Restraining Order (Doc. 15), which shall remain with this case, (No. 13-cv-1342). As explained in the "Pending Motions" section below, Plaintiff *is required* to file an amended complaint in this action if he intends to sue "Baker."

As this case proceeds, if Plaintiff is under a filing deadline where library access is necessary, he may file another motion.

3.      **Motion of Notice of Intent (Doc. 12)**

Plaintiff also filed a motion of notice of intent (Doc. 12) on March 26, 2014, in which he advised the Court of his intent to go on a hunger strike, in response to the confiscation of personal property by prison officials.   Plaintiff asks the Court to pray for him.   The Court acknowledges receipt of this motion, and it is **DENIED**.   Out of an abundance of caution, however, the **CLERK** is **DIRECTED** to mail a copy of this motion to Pinckneyville's warden, in order to put the warden on notice of Plaintiff's intentions.

4.      **Motion to Stay (Doc. 13)**

Plaintiff has filed a motion to stay (Doc. 13), in which he asks to stay proceedings in anticipation of being "[h]ospitalized, or in [s]egregation, or [t]ransfer[r]ed to another [p]rison, or [d]ead." This motion appears to relate to Plaintiff's plan to go on a hunger strike (Doc. 12), and the anticipated consequences of doing so.  The motion is **DENIED**.

5.      **Motion to Exclude/Motion to Include (Doc. 14)**

Plaintiff filed a motion to exclude/motion to include (Doc. 14), in which he asks to remove "Angie" as a defendant.  As set forth in this Order, the Court has dismissed all claims against Defendant Angie with prejudice.  The motion is therefore **DENIED** as moot.

6.      **Motion for Temporary Restraining Order, Immediate Prospective Relief, and Motion to Include ("Motion for TRO") (Doc. 15)**

Finally, Plaintiff filed a motion for a temporary restraining order, immediate prospective relief and motion to include ("Motion for TRO") (Doc. 15) on March 26, 2014.  In the motion, Plaintiff seeks to add "Lieutenant Baker" as a defendant in this action.   He also seeks a temporary restraining order and/or immediate prospective relief, based on Lieutenant Baker's

orders to deny Plaintiff a front cuff permit (Doc. 15, p. 1).  Plaintiff alleges that he has "had a front cuff permit and . . . medical issues that require [him] to be cuffed in the front to prevent injury . . . something they all did . . . . even the 'Tack Team' known as 'Orange Crush' . . . [until] March 24, 2014."  On that date, a correctional officer told Plaintiff that Lieutenant Baker ordered the officer not to front cuff Plaintiff and not to administer his insulin.  Plaintiff needs front cuffs, in order to avoid exacerbation of several preexisting physical injuries.  He also needs his hands cuffed in front of his body in order to receive his insulin shots.  The denial of insulin causes Plaintiff to suffer from uncontrolled blood sugar levels and the associated symptoms.  Plaintiff therefore asks the Court to add Lieutenant Baker as a defendant and issue an order requiring front cuffs and insulin shots.

The Court construes Plaintiff's motion as: (1) a motion for leave to file a second amended complaint, in order to name Lieutenant Baker as a defendant; and (2) a motion for a temporary restraining order ("TRO").  Because the issues raised in the motion most closely relate to this action, No. 13-cv-1342, the motion shall remain with this case.

With regard to Plaintiff's request to amend the complaint, the Court **GRANTS** the motion, in part, as it pertains to this request.  Therefore, Plaintiff is granted leave to file a Second Amended Complaint in this action, No. 13-cv-1342, naming Lieutenant Baker as a defendant and stating all allegations that support his claims against this defendant.  An amended complaint supersedes and replaces the original complaint.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citing *Fuhrer v. Fuhrer,* 292 F.2d 140, 144 (7th Cir. 1961)).  The Court does not permit piecemeal amendments; all remaining allegations against all remaining Defendants must be contained in a single document.  Therefore, should Plaintiff file a Second Amended Complaint in this case, he must *also* include those allegations that support all

other claims remaining in this action, including the allegations giving rise to **Count 1(a), Count 1(b), Count 1(c)(1), Count 1(c)(2), Count 1(d), Count 1(e), Count 1(g), Count 1(h), Count 1(i), Count 1(l), Count 1(m)**, and **Count 5**, to the extent he has been allowed to proceed with those claims.  If Plaintiff submits an amended complaint in this action which omits one or more of the claims listed above, on which the Court has allowed him to proceed, the omitted claim(s) shall be dismissed.

The Court finds that Plaintiff's request for a TRO (Doc. 15) requires prompt consideration.  Although Plaintiff mentions Lieutenant Baker in connection with this claim in the instant motion, he is not currently named as a defendant.  However, in the operative complaint (Doc. 10), Plaintiff raises related claims for the denial of front-cuffing and insulin shots against Defendants Shah, Rector, Daugherty, Abby, Amy, and Olmsted.[9]  In light of the present motion, the Court will allow Plaintiff to proceed with his request for a TRO and/or a preliminary injunction against Shah, Rector, Daugherty, Abby, Amy, and Olmsted at this time.  He shall also be allowed to proceed with the request for injunctive relief against Defendant Spiller, the current warden.  **Should Plaintiff wish to include Lieutenant Baker in this matter prior to any hearing on the Motion for TRO, he must file the Second Amended Complaint prior to the hearing.**

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's Motion for TRO (Doc. 15) is hereby **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for an evidentiary hearing and issuance of a report and recommendation.  Personal service on the Defendants shall be ordered.  Judge Frazier shall set an evidentiary hearing as

---

[9] In the amended complaint, Plaintiff did not specifically seek a TRO against these defendants.  In the opening paragraph of his statement of claim, Plaintiff generally requested a preliminary and/or permanent injunction "for the issues the Court may feel something needs to be done right away on" (Doc. 10, p. 5).  The final section of the amended complaint then contains a list of twenty possible grounds for injunctive relief (Doc. 10, pp. 14-15).

soon as practicable.  Any motions filed after the date of this Order that relate to the request for a TRO or seek leave to amend the complaint are also hereby **REFERRED** to Magistrate Judge Frazier.

**Disposition**

1.      **Case No. 13-cv-1342**

IT IS HEREBY ORDERED that Plaintiff shall be allowed to proceed in *this* action with **COUNT 1(a), COUNT 1(b), COUNT 1(c)(1), COUNT 1(e), COUNT 1(g),** and **COUNT 1(h),** against Defendants **SHAH, RECTOR, GAETZ, BLADES, GOGETTING, DAUGHERTY, ABBY, AMY,** and **OLMSTED**.  Defendant **SPILLER** shall remain in this action, based on Plaintiff's request for injunctive relief.  Plaintiff shall also be allowed to proceed in *this* action with **COUNT 1(c)(2)** against Defendant **GODINEZ**.

The **CLERK** is **DIRECTED** to reinstate **MR. BLADES** and **S. A. GODINEZ** as defendants in *this* action.

**COUNT 1(d)** and **COUNT 1(i)** are **DISMISSED without prejudice** from *this* action for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that all other claims against all remaining defendants are hereby **DISMISSED with prejudice** from *this* action.  This includes the following claims: **COUNT 1(d)(1), COUNT 1(f), COUNT 1(j), COUNT 1(k), COUNT 1(l), COUNT 1(m), COUNT 2, COUNT 3, COUNT 4, COUNT 5,** and **COUNT 6**.  This also includes the following defendants, who shall be **TERMINATED** from *this* action with prejudice: **LOUIS SHICKER, ANGIE, MRS. PEEK, PAT RENSING, MRS. MARKEL, K. MELVIN, CHRISTINE BROWN, MRS. STEWART, MR. WALLACE, MICHELLE CREWS, RODERICK MATTICKS, CHAPMAN,** and **HALE**.

22

**A.      Service on Defendants Not Subject to Motion for TRO**

As to **COUNT 1(a), COUNT 1(b), COUNT 1(c)(1), COUNT 1(e), COUNT 1(g),**
**COUNT 1(h),** and **COUNT 2**, the Clerk of Court shall prepare Defendants **GAETZ, BLADES,**
**GOGETTING,** and **GODINEZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service
of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to
mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place
of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of
Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the
Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will
require Defendant to pay the full costs of formal service, to the extent authorized by the Federal
Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall
furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's
last-known address.  This information shall be used only for sending the forms as directed above
or for formally effecting service.  Any documentation of the address shall be retained only by the
Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**B.      Service on Defendants Subject to Motion for TRO/TRO Hearing**

**IT IS HEREBY ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
72.1(c), Plaintiff's Motion for TRO (Doc. 15) is **REFERRED** to United States Magistrate Judge
**Philip M. Frazier** for an evidentiary hearing and issuance of a report and recommendation.
Judge Frazier shall set an evidentiary hearing as soon as practicable.

**IT IS FURTHER ORDERED** that personal service on the Defendants who are subject to the Motion for TRO shall be ordered.  The United States Marshal Service is **APPOINTED** pursuant to Federal Rule of Civil Procedure Rule 4(e) to effect service on an expedited basis **within 14 days of the date of this Order**.  The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **SHAH, RECTOR, DAUGHERTY, ABBY, AMY, OLMSTED** and **WARDEN SPILLER**.  The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the Amended Complaint (Doc. 10), a copy of the Motion for TRO (Doc. 15) and this Memorandum and Order.  The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **before April 15, 2014,** the United States Marshal Service **SHALL personally serve** upon Defendants **SHAH, RECTOR, DAUGHERTY, ABBY, AMY, OLMSTED** and **WARDEN SPILLER**, the service packets containing the summons, form USM-285, a copy of the amended complaint (Doc. 10), Motion for TRO (Doc. 15), and this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.  The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for injunctive relief.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on

24

which a true and correct copy of any document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion for *in forma pauperis* (Doc. 2) and an expedited hearing on Plaintiff's Motion for TRO (Doc. 15).

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 36(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

2.   **Severed Cases**

**IT IS FURTHER ORDERED** that Plaintiff's claims in **COUNT 1(d)(1), COUNT 1(f),**

**COUNT 1(j), COUNT 1(k), COUNTS 2-4,** and **COUNT 6**, which are unrelated to the claims

in this action, are each **SEVERED** into six separate new cases, as follows:

(1) *Chester O'Quinn, Plaintiff, vs. Mrs. Peek, Defendant*, for an Eighth
Amendment medical needs claim and/or retaliation claim arising from the
threat to send Plaintiff to segregation for requesting a tuberculosis skin test
(**Count 1(d)(1)** herein);

(2) *Chester O'Quinn, Plaintiff, vs. Louis Shicker and Christine Brown,
Defendants*, for an Eighth Amendment medical needs claim arising from
delays in refilling Plaintiff's medications (**Count 1(f)** herein);

(3) *Chester O'Quinn, Plaintiff, vs. Mrs. Stewart and Mr. Wallace, Defendants*, for
an Eighth Amendment medical needs claim arising from Plaintiff's denial of
access to counseling (**Count 1(j)** herein);

(4) *Chester O'Quinn, Plaintiff, vs. Chapman, Defendant*, for the denial of dental
care in violation of the Eighth Amendment (**Count 1(k)** herein);

(5) *Chester O'Quinn v. Pat Rensing and Thomas Spiller, Defendants*, for Eighth
Amendment claim(s) arising from unconstitutional conditions of confinement
(**Count 2, Count 3,** and **Count 4** herein); and

(6) *Chester O'Quinn, Plaintiff, vs. Mrs. Markel, Defendant*, for a retaliation claim
arising from Plaintiff's complaints about prison conditions (**Count 6** herein).

The new cases **SHALL BE ASSIGNED** to the undersigned District Judge for further

proceedings.   In each of the new cases, the Clerk is **DIRECTED** to file the following

documents:

(1) This Memorandum and Order;

(2) The Amended Complaint (Doc. 10) and exhibits; and

(3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with any or all

of the newly-opened cases, he must notify the Court in writing within 35 days (on or before May

26

6, 2014), specifying which case(s) he wishes to voluntarily dismiss.  Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened actions, he **will be responsible for an additional filing fee** of $350[10] in each new case.  Service shall not be ordered on any defendants in the severed cases until after the deadline for Plaintiff's response.

**IT IS HEREBY ORDERED** that the claims in the below-listed severed cases are hereby **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. However, Plaintiff is granted leave to file an amended complaint within thirty-five days (on or before May 6, 2014), should he choose to proceed with any of the below-listed cases:

(1) *Chester O'Quinn, Plaintiff, vs. Mrs. Peek, Defendant*, for an Eighth Amendment medical needs claim and/or retaliation claim arising from the threat to send Plaintiff to segregation for requesting a tuberculosis skin test (**Count 1(d)(1)** herein);

(2) *Chester O'Quinn, Plaintiff, vs. Louis Shicker and Christine Brown, Defendants*, for an Eighth Amendment medical needs claim arising from delays in refilling Plaintiff's medications (**Count 1(f)** herein);

(3) *Chester O'Quinn, Plaintiff, vs. Mrs. Stewart and Mr. Wallace, Defendants*, for an Eighth Amendment medical needs claim arising from Plaintiff's denial of access to counseling (**Count 1(j)** herein);

(6) *Chester O'Quinn, Plaintiff, vs. Mrs. Markel, Defendant*, for a retaliation claim arising from Plaintiff's complaints about prison conditions (**Count 6** herein).

Failure to either notify the Court of his intent to dismiss a case or file an amended complaint by the above deadline shall result in the dismissal of Plaintiff's severed lawsuit(s) with prejudice and with imposition of the filing fee.

**3.     Amended Complaints**

The Court has granted Plaintiff leave to amend his complaint in several of the above-listed actions, including *this* action (to the extent Plaintiff intends to name Lieutenant Baker as a

---

[10] If Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is denied in any of the severed cases, the filing fee shall increase by $50.00 to $400.00.

defendant) and four of the severed cases.  With regard to the severed cases only, Plaintiff shall file an Amended Complaint, stating any facts which may exist to support his claim(s) in that case, within 35 days of the entry of this order (on or before May 6, 2014).  On each amended complaint that Plaintiff files, he must include the new case number and new case name on the front page of the amended complaint.  Plaintiff is cautioned that in order to state a viable claim, he must identify the individual defendant(s) who were directly responsible for any alleged constitutional deprivations at Pinckneyville.  Further, if Plaintiff includes in his amended complaint any of the claims that have been dismissed with prejudice in this order or belong in a separate severed case, the pleading may be stricken and the action may be dismissed.

As previously stated, an amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the Amended Complaint must stand on its own, without reference to any other pleading.  Should the Amended Complaint not conform to these requirements, it shall be stricken.  Failure to file an amended complaint shall result in the dismissal of the severed action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant in any severed case until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaints, the Clerk is **DIRECTED** to mail Plaintiff **SEVEN** blank civil rights complaint forms (i.e., one for Case No. 13-cv-1342 and one for each of the six severed cases).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 1, 2014**

<u>s/J. Phil Gilbert</u>
**U.S. District Judge**

29